# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 14-1821

———————————————————

Stafon Edward Thompson

*Petitioner - Appellant*

v.

Tom Roy, Commissioner of Corrections

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: February 10, 2015
Filed: July 14, 2015

——————————

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

Stafon Thompson appeals from the district court's[1] judgment denying his petition for relief under 28 U.S.C. § 2254. The district court denied relief because it

———————————————————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

concluded that the rule announced in *Miller v. Alabama*, 567 U.S. ---, 132 S. Ct. 2455 (2012), does not apply retroactively. We affirm.

In 2009, a jury found Thompson guilty of two counts of first-degree premeditated murder and two counts of first-degree murder while committing aggravated robbery. Thompson was seventeen when he committed these crimes. Pursuant to Minnesota law, he received two consecutive mandatory sentences of life imprisonment without the possibility of release. Minn. Stat. §§ 609.185(a)(1), 609.106, subd. 2(1). The Minnesota Supreme Court affirmed Thompson's convictions and sentences on direct appeal. *Minnesota v. Thompson*, 788 N.W.2d 485, 496 (Minn. 2010).

In 2012, the United States Supreme Court held in *Miller v. Alabama*, 132 S. Ct. 2455, that the Eighth Amendment forbids a sentencing scheme that mandates a sentence of life in prison without the possibility of parole for juvenile offenders. *Id.* at 2469. *Miller* thus announced a new obligation for state and federal courts to conduct an individualized sentencing analysis before imposing such a sentence on defendants who were under the age of eighteen at the time of their offense. *Id.* Because Thompson was seventeen when he committed the murders, he petitioned for relief under 28 U.S.C. § 2254, arguing that he received a sentence that is now unconstitutional under *Miller*. The magistrate judge recommended dismissing Thompson's § 2254 petition with prejudice because he concluded that *Miller*'s rule was not retroactively applicable. The district court adopted the magistrate judge's report and recommendation in full.

On appeal, Thompson argues that the district court erred by concluding that *Miller* does not apply retroactively. We review the district court's determination on this legal question *de novo*. *Danforth v. Crist*, 624 F.3d 915, 918 (8th Cir. 2010).

We recently considered this question in *Martin v. Symmes*, 782 F.3d 939 (8th Cir. 2015).[2]  In *Martin*, a juvenile offender had been sentenced under the same Minnesota statute to life in prison without the possibility of release. *Id.* at 941.  Like Thompson, the *Martin* petitioner requested § 2254 relief, arguing that *Miller* applied retroactively to his sentence.  *Miller*, he argued, announced a new rule of criminal procedure that qualifies under either of the two exceptions to the general presumption against retroactivity: (1) the new rule is substantive, or (2) the new rule is a watershed rule of criminal procedure "implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 942 (quoting *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)).  A unanimous panel of our court rejected both arguments. *Id.* at 943-44.

As we explained in *Martin*, *Miller* did not announce a new substantive rule because it neither categorically barred a punishment nor placed a group of persons beyond the state's power to punish. *Id.* at 942.  Indeed, the Supreme Court made clear in *Miller* that the decision did not foreclose the imposition on juvenile offenders of a discretionary sentence of life in prison without the possibility of parole. 132 S. Ct. at 2469.  After *Miller*, as before, a court retains the power to impose such a penalty. That the sentence now must be discretionary does not alter its substance.  Like Thompson, a juvenile defendant sentenced to life in prison without the possibility of parole under *Miller* will spend the rest of his life in prison.  "No one would say that one defendant received greater or lesser punishment than the other." *Thompson v. Roy*, No. 13-CV-1524, 2014 WL 1234498, at *2 (D. Minn. March 25, 2014). Accordingly, as we held in *Martin*, *Miller* did not create a new substantive rule. *Martin*, 782 F.3d at 942.

_____

[2]As we explained in *Martin*, the Supreme Court granted certiorari to review this question next term. *See Montgomery v. Louisiana*, 575 U.S. ---, 135 S. Ct. 1546 (2015).  We note that the Supreme Court may not reach the issue, however, because the Court also invited the parties to argue a threshold question:  whether the Court has jurisdiction to review the Supreme Court of Louisiana's refusal to give *Miller* retroactive effect. *Id.*

-3-

Thompson nevertheless argues that *Miller* is substantive because *Miller*, according to Thompson, makes age an element of an offense, and "[a] decision that modifies the elements of an offense is normally substantive rather than procedural." *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004). This argument stems from *Alleyne v. United States*, 570 U.S. ---, 133 S. Ct. 2151 (2013), which defines an element, for Sixth Amendment purposes, as "any fact that increases the mandatory minimum" sentence. *Id.* at 2155. Even if we assume that *Miller* somehow made age a necessary element for imposing a sentence of life in prison without parole on juvenile offenders, Thompson's argument fails. The Supreme Court decided *Alleyne* after it decided *Miller*. For *Alleyne*'s rule to apply here, *Alleyne* itself would have to apply retroactively. *See Michigan v. Carp*, 852 N.W.2d 801, 829-30 (Mich. 2014). Our court has not held that *Alleyne* applies retroactively, and Thompson fails to argue this point before us now. We thus necessarily reject Thompson's attempt to "bootstrap[] [*Alleyne*] onto the rule in *Miller* to transform the latter from a nonretroactive procedural rule into a retroactive substantive rule." *See id.* at 830.

Likewise, we find no merit in Thompson's argument that *Miller* applies retroactively because courts "universally" apply retroactively the rules from cases cited in *Miller*, such as *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), and *Atkins v. Virginia*, 536 U.S. 304 (2002). Though our court has recognized that *Atkins* applies retroactively,[3] *Davis v. Norris*, 423 F.3d 868, 879 (8th Cir. 2005), *Atkins* is easily distinguishable from *Miller*. *Atkins* categorically "prohibit[ed] the execution of mentally retarded defendants," *id.* at 879; *Miller* merely announced a change in process. *Martin*, 782 F.3d at 942-43. In sum, "*Miller* shifted decision-making authority for imposing a sentence of life without parole on a juvenile homicide offender from the legislature to the judiciary, by way of its individualized

---

[3]We have not ruled on the retroactivity of either *Roper*, 543 U.S. 551, or *Graham*, 560 U.S. 48. *See Martin*, 782 F.3d at 942 n.4.

-4-

sentencing requirements." *Carp*, 852 N.W.2d at 826; *cf. Schriro*, 542 U.S. at 353 (holding that the new rule announced in *Ring v. Arizona*, 536 U.S. 584 (2002), did not apply retroactively because it was a procedural rule that merely shifted decision-making authority from the judge to the jury). As we held in *Martin*, this change is procedural. 782 F.3d at 942-43.

*Martin* also forecloses Thompson's alternative contention that *Miller* announced a new watershed rule of criminal procedure. *Miller*'s rule is not a "bedrock" procedural element because it is not "essential to the fairness of a proceeding," *Martin*, 782 F.3d at 943 (quoting *Bockting*, 549 U.S. at 421), nor is it part of the "small core of rules . . . implicit in the concept of ordered liberty." *Id.* (quoting *Beard v. Banks*, 542 U.S. 406, 417 (2004)). The Supreme Court has emphasized the difficulty of attaining this threshold, stating that the guarantee of the right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963), "*might* fall within this exception," *Martin*, 782 F.3d at 943 (quoting *Beard*, 542 U.S. at 417). And unlike *Gideon*, *Miller*'s new rule does nothing to diminish the likelihood of an accurate conviction. *See Teague v. Lane*, 489 U.S. 288, 313 (1989) (noting that a watershed rule must be one "without which the likelihood of an accurate conviction is seriously diminished").

Finally, *Martin* precludes Thompson's argument that principles of fairness and "evenhanded justice" require *Miller*'s retroactive application because the Supreme Court applied *Miller* to *Jackson v. Hobbs*, the collateral-appeal case that was consolidated with *Miller*. *See Teague*, 489 U.S. at 300 (noting that "evenhanded justice" requires retroactive application to all similarly situated defendants). As we explained in *Martin*, the Supreme Court remanded *Jackson* for reconsideration in light of *Miller*; it did not did not state explicitly that *Miller* applies retroactively. *Martin*, 782 F.3d at 943-44. And the Court has "implied that its application of a new rule on collateral review does not necessitate that rule's application to other cases on collateral review." *Id.* (citing *Chaidez v. United States*, 568 U.S. ---, 133 S. Ct. 1103, 1105 (2013)). Moreover, several courts have noted that the State in *Jackson* failed to

raise the non-retroactivity argument. *See, e.g.*, *Carp*, 852 N.W.2d at 830. Thus, in *Jackson*, "the question whether *Miller* should be applied retroactively was never presented to the United States Supreme Court." *Id.*; *see Schiro v. Farley*, 510 U.S. 222, 229 (1994) (refusing to consider the non-retroactivity defense because "a State can waive [this] . . . bar by not raising it").

For the foregoing reasons, we affirm the district court's judgment dismissing Thompson's petition.

KELLY, Circuit Judge, concurring in the judgment.

A panel of this court in Martin v. Symmes, 782 F.3d 939, 943–44 (8th Cir. 2015), concluded that the rule announced in Miller v. Alabama, 132 S. Ct. 2455 (2012), does not apply retroactively. Based on that decision, I concur in the judgment. See United States v. Bearden, 780 F.3d 887, 896 (8th Cir. 2015) (noting the "well-established" rule that one panel of this court cannot overrule the decision of another panel). Had the issue been presented to this panel as a matter of first impression, however, I would follow the holdings of those courts that have considered the issue and concluded the rule announced in Miller applies retroactively to § 2254 petitioners on collateral review.[4]

———————————————————

---

[4] See, e.g., State v. Mantich, 842 N.W.2d 716 (Neb. 2014); State v. Ragland, 836 N.W.2d 107 (Iowa 2013); accord Songster v. Beard, 35 F. Supp. 3d 657 (E.D. Pa. 2014); United States v. Orsinger, No. CR-01-01072-05-PCT, 2014 WL 3427573 (D. Ariz. July 15, 2014); Alejandro v. United States, No. 13 CIV. 4364 CM, 2013 WL 4574066 (S.D.N.Y. Aug. 22, 2013); Hill v. Snyder, No. 10-14568, 2013 WL 364198 (E.D. Mich. Jan. 30, 2013); Casiano v. Comm'r of Corr., --- A.3d ----, 317 Conn. 52 (Conn. May 26, 2015); Falcon v. State, --- So.3d ----, 2015 WL 1239365 (Fla. Mar. 19, 2015); Aiken v. Byars, 765 S.E.2d 572 (S.C. 2014); State v. Mares, 335 P.3d 487 (Wyo. 2014); Petition of State, 103 A.3d 227 (N.H. 2014); People v. Davis, 6 N.E.3d 709 (Ill. 2014); Diatchenko v. Dist. Attorney for Suffolk Dist., 1 N.E.3d 270 (Mass. 2013); Jones v. State, 122 So.3d 698 (Miss. 2013).